**No. 61165.**—Seagram Distillers Company *v.* United States, protest 309452–K (New York).

RICHARDSON, Judge: This suit involves the assessment of customs duties and internal revenue tax on three cases of Seagram's V. O. in the total amount of $126.90. The suit has been submitted upon a stipulation entered into between the respective parties and reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between Counsel for the Plaintiff and the Assistant United States Attorney, subject to approval of this Court, as follows:

The merchandise in issue herein involves three (3) cases of Seagram's V. O. Canadian Whisky upon which customs duties and internal revenue tax were assessed in the total amount of $126.90. These three cases were part of an entry of 550 cases entered under Bond No. 47021. All the merchandise covered by this entry and bond were withdrawn over the period from August 14, 1951 to December 12, 1952. A total of 547 cases were liquidated free of customs duties and internal revenue taxes under the provisions of Public Law 271, 81st Congress, by reason of withdrawal for use by military personnel of foreign countries stationed in the United States. The remaining three cases, which are involved in this protest, were actually delivered to and received by the Canadian Embassy, Washington, District of Columbia.

The reason for the assessment on these three cases is that at the time of liquidation, no letter of authority for the release of the three cases to the Canadian Military Attache, Canadian Embassy, under Public Law 271, 81st Congress, was present in the record before the liquidator. Since that time the effective letter of authority was located in the office of the Collector of Customs for delivery of the three cases to the Canadian Military Attache free of customs duties and internal revenue taxes.

IT IS FURTHER STIPULATED AND AGREED that had the letter of authority been before the liquidator at the time of liquidation, the allowance of the customs duties and internal revenue taxes on the three cases would have been made by the office of the Collector of Customs.

IT IS FURTHER STIPULATED AND AGREED that this protest be submitted to the Court on this stipulation.

Accepting this stipulation as a statement of fact and in accordance with the provisions of 19 U. S. C. 196a (Public Law 271, 81st Congress) and T. D. 52332, the claim of the plaintiff, that the assessment of customs duties and internal revenue tax on the three cases of Seagram's V. O. was erroneously assessed, is sustained.

Judgment will be rendered accordingly.